NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000569
29-JAN-2015
07:49 AM

NO. CAAP-12-0000569

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
WILLIAM N. MEANS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
LAHAINA DIVISION
(Case No. 2DTA-11-00239)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant William N. Means (Means) appeals from the May 14, 2012 Judgment entered by the District Court of the Second Circuit, Lahaina Division (District Court).[1]

Means was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 219E-61(a)(1) (Supp. 2014).[2]

On appeal, Means contends the District Court erred by (1) allowing the original complaint to be amended, over his objection, to include the requisite mens rea for a violation of HRS § 291E-61(a)(1), (2) denying his motion to dismiss for violation of Rule 48 of the Hawaii Rules of Penal Procedure (HRPP), and (3) failing to adequately advise him of his rights,

_____

[1]     The Honorable Richard A. Priest, Jr. presided.

[2]     Although Means was originally charged with three other counts, those charges were either dismissed or an acquittal was entered.

pursuant to <u>Tachibana v. State</u>, 79 Hawai'i 226, 900 P.2d 1293 (1995). The State concedes error on appeal and agrees that the judgment should be vacated and the case remanded for the District Court to dismiss without prejudice.

After a careful review of the points raised and arguments made by the parties, the record and the applicable law, we resolve Means's appeal as follows:

(1)  The District Court did not err in allowing amendment of the OVUII charge to include the applicable mens rea. Although the State has conceded this point, the State's concession is not binding on this court. <u>State v. Hoang</u>, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000). In <u>State v. Kam</u>, CAAP-12-0000897, 2014 WL 6711498 (App. Nov. 26, 2014), this court held that

> the District Court had the discretion to permit the State to amend the charges in the complaint before trial "if substantial rights of the defendant are not prejudiced." Here, Kam does not claim that her substantial rights were prejudiced by the State's amendment of the OVLPSR-OVUII charge and the HRS § 291E-61(a)(1) portion of the OVUII charge before trial to allege the required mens rea.

<u>Kam</u> at *5. Similarly, Means does not argue here that his substantial rights were violated by the amended charge. Therefore, his first point of error is without merit.

2.  Means next argues that the District Court erred, on May 14, 2012 when it denied his renewed motion to dismiss with prejudice for violation of his "Speedy Trial Rights." In this motion, Means argued that more than six months had elapsed since his arrest and that periods of time excludable under HRPP Rule 48 were insufficient to bring the delay under the 180-day time limit. On appeal, the State concedes that 189 days elapsed between Means's arrest and trial and argues that the judgment be vacated and the case be remanded for dismissal without prejudice.

Although not bound by the State's concession, <u>Hoang</u>, 93 Hawai'i at 336, 3 P.3d at 502, we agree that time excludable under HRPP Rule 48 would not bring the delay in this case under the 180-day time limit. Therefore, we agree with the parties

that the case should have been dismissed for violating HRPP Rule 48. However, in light of the District Court's decision that no violation occurred, it had no occasion to apply the factors mandated by State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981). Therefore, we will remand this case for the District Court to apply these factors and determine, in its discretion, whether the dismissal of the charge should be with or without prejudice. See State v. Hern, 133 Hawai'i 59, 64, 323 P.3d 1241, 1246 (App. 2013).

The resolution of this issue makes it unnecessary to reach Means's remaining issue.

Therefore, the May 14, 2012 Judgment entered by the District Court of the Second Circuit, Lahaina Division is vacated and the case is remanded for proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, January 29, 2015.

On the briefs:

Hayden Aluli,
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge